IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

DAMARIS SANTOS ARRIETA and
GUSTAVO QUERALES SALCEDO,
in representation of their minor son GQS,

Plaintiff,

v.

HOSPITAL DEL MAESTRO, et al.,

Defendants

CIVIL NO. 15-3114 (MEL)

**OPINION AND ORDER**

Pending before the court is a motion in limine filed by Dr. Félix Villar and Hospital Del Maestro, Inc. (collectively "Defendants") to preclude at trial the mention of hypoxia-ischemia, seizure, febrile seizures, or cerebral palsy. ECF No. 60. Damaris Santos Arrieta and Gustavo Querales Salcedo, in representation of their minor son GQS ("Plaintiff"), filed a response in opposition, and Defendants' filed a reply. ECF Nos. 71; 74.[1] On June 11, 2018, this court ordered the Plaintiff's counsel to "cite to any of their experts' reports or to any medical record pertaining to this case that makes reference to hypoxia-ischemia, seizures, febrile seizures and cerebral palsy. If plaintiffs are unable to provide any such reference, plaintiffs shall explain why the court should allow into evidence conditions that are not mentioned anywhere in the medical record or in the plaintiffs' expert reports." ECF No. 86. Plaintiff filed a motion in compliance to this order on June 18, 2018. ECF No. 93. A Daubert hearing was held on June 19, 2018. ECF No. 99.

---

[1] Defendants' reply to Plaintiff's opposition attempts to change the terms that should be excluded to "hypoxia, hypoxic ischemia, seizures, febrile seizures, brain injury [and] cerebral palsy." ECF No. 74, at 9–10. However, Defendants' motion in limine is limited to the terms it addressed in its original motion and those addressed at the hearing: hypoxia-ischemia, seizure, febrile seizures, and cerebral palsy. See ECF No. 60.

I. ANALYSIS

Without citing to a single case or statute in their motion, Defendants' make the argument that the plain language of the medical records do not include the terms requested to be precluded and thus "[a]ny mention of these words during the expert testimony, in addition to being baseless, would create substantial danger of undue prejudice, confusing the issues, or of misleading the jury. would be highly prejudicial to the defendants in the case." ECF No. 60. Plaintiff notes that Defendants did not cite to authority, while citing to none themselves, and argue that by not attaching the medical records to their motion, it would be impossible for this court or themselves to verify Defendants' allegations. ECF No. 71, at 13. At the hearing, Defendants' argued that "in medicine, diagnosis are diagnosis." Thus, if there is a hypoxic event, then you will find in the record the word hypoxia. Hr'g, June 19, 2018, at 2:46 PM. On the other hand, Plaintiff argued that "all these words that they are trying to exclude are a matter of medical semantics, whether you call ischemia desaturation and severe retraction, doctors know what that means, it means ischemia." Therefore, the fact that some words are used interchangeably does not mean those words should be prohibited at trial. Hr'g, at 3:13–3:14 PM.

### A. Cerebral Palsy

The parties agree that there is no evidence in the record as to cerebral palsy. Thus, at the trial, there will be no mention that Plaintiff suffers from cerebral palsy. Hr'g, at 9:37–9:38 AM.

### B. Seizures or Febrile Seizures

Plaintiff attached to their motion in compliance a medical record containing a patient visit report by Dr. Ananthi Rathinam, dated May 11, 2011. ECF No. 93-1. Within this record there is a portion entitled "impression/plan" that states that "[t]he patient was diagnosed with" various conditions including "convulsions nec" and "febrile convulsions." Id. at 3. At the hearing held

on June 19, 2018, Dr. Carolyn Crawford ("Dr. Crawford") testified that "seizures and convulsions are used interchangeably." Hr'g, at 11:00 AM. Defendants argued, however, that what Dr. Rathinam really meant was that he was trying to rule out possible conditions, including seizures. This is supported by a note under the impression/plan, which states that a routine EEG was requested "to rule out subclinical seizures which is commonly noted in kids with autism." ECF No. 93-1, at 3.

Nonetheless, the medical record lists convulsions and febrile convulsions as a diagnosis for the Plaintiff. Thus, based on Dr. Crawford's testimony, the terms "seizures" and "febrile seizures" will be allowed at trial.

### C. Hypoxia-Ischemia

Plaintiff argues that by not attaching the medical records to the motion in limine the Defendants made it impossible to verify their arguments in regards to the terms here at issue. ECF No. 71, at 13. This argument is untenable. It should have been a simple task for Plaintiff to overcome this hurdle by complying with the court's order and citing to any (not necessarily all) of the expert reports or medical records that make reference to the words at issue. See ECF No. 86. As discussed above, Plaintiff was able to do this, in a sense, in regards to the term "seizure." ECF No. 93. Nonetheless, Plaintiff failed to do so for the other terms prior to the hearing.

At the Daubert hearing, Dr. Crawford clarified what the terms "hypoxia" and "ischemia" mean. Dr. Crawford stated that she would define hypoxia as a "low amount of oxygen." Hr'g, at 10:46 AM. Dr. Crawford also defined the term "cyanosis" as a blue color that occurs when there is an inadequate oxygen or a low amount of oxygen in the blood. Hr'g, at 10:46 AM. Dr. Crawford read the term "developed central cyanosis" from a medical record that she described as the record of the newborn infant at Hospital del Maestro. Hr'g, at 10:46–10:48 AM. Dr. Crawford did

reference this in her export report as she wrote: "Mistakenly, the baby was admitted to the normal nursery where he quickly developed central cyanosis, and was transferred to the NICU and placed in a 50% oxygen oxyhood." ECF No. 57-3, at 3. Thus, even though the term "hypoxia" is not included in Dr. Crawford's expert report and may not appear in any medical records, synonymous terms—from Dr. Crawford's perspective—are used both in her export report and in the medical records.

Dr. Crawford testified that ischemia means "inadequate blood flow," which means that a child will be treated by giving him blood pressure medicine to support the blood pressure and improve circulation. Hr'g, at 12:04 PM. During her testimony, Dr. Crawford discussed an order from the Municipal Hospital that was written on "August 22," which according to Dr. Crawford was after Plaintiff had suffered a ruptured lung with significant hypoxia and problems with circulation. Hr'g, at 10:52 AM. Within this testimony, Dr. Crawford discussed the use of Dobutrex for Plaintiff, which Dr. Crawford described is a "pressor" that is used to support blood pressure. Hr'g, at 10:52 AM. She stated that this drug is not used casually, but only used when necessary as it is a serious drug that has side effects. Hr'g, at 10:52 AM. Thus, implicit in Dr. Crawford's testimony is that the treatment of Plaintiff with blood pressure medicine could suggest that he had ischemia. Although the term "ischemia" may not be found in the medical records, there was enough evidence provided at the hearing to suggest that synonymous terms or descriptions (once again, synonymous according to Dr. Crawford) were used.[2] In a situation such as this where conditions are described by synonymous terms or symptoms in the medical records, it is appropriate to allow these terms into trial where "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and

---

[2] Defendants did not call any witnesses at the Daubert hearing to establish that the terms are not in fact synonymous.

appropriate means of attacking shaky but admissible evidence." <u>Daubert v. Merrell Dow Pharm., Inc.</u>, 509 U.S. 579, 596 (1993) (citing <u>Rock v. Arkansas</u>, 483 U.S. 44, 61 (1987)).  Thus, the terms "hypoxia", "ischemia," or "hypoxia-ischemia" will be allowed at trial.

## II. CONCLUSION

For the foregoing reasons, Defendants' motion in limine to preclude the words hypoxia-ischemia, seizures, febrile seizures, or cerebral palsy during trial (ECF No. 60) is GRANTED in part and DENIED in part.  The term "cerebral palsy" is hereby precluded from being used at trial. However, the terms hypoxia-ischemia, seizures, and febrile seizures will be allowed.

IT IS SO ORDERED

In San Juan, Puerto Rico, this 13th day of July, 2018.

s/Marcos E. López<br>
U.S. Magistrate Judge